IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KEYANDRA THOMAS,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)　　Civil Action File No. _21A02406_____
　　　　　　　　　　　　　　　　)
WALMART INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)

---

## COMPLAINT FOR DAMAGES

COMES NOW KEYANDRA THOMAS, Plaintiff in the above-styled case, and by way of

Complaint shows this Honorable Court the following:

## I.　　PARTIES AND JURISDICTION

1.

Plaintiff is an adult citizen and resident of DeKalb County at all times relevant to this

Complaint and is subject to and willfully avails herself of the jurisdiction and venue of this

Honorable Court.

2.

Defendant is a foreign profit corporation, and, upon information and belief, is authorized

to do business in the State of Georgia, and was, at all times applicable to this Complaint, engaged

in the business of owning, managing, and/or operating a supercenter, including Supercenter #3621

at 1871 Chamblee Tucker Rd, Atlanta, Georgia 30341. Accordingly, venue properly lies in this

Court pursuant to Ga. Const. Art VI § II, Para. IV & VI, O.C.G.A. § 14-2-510(b)(1), and RC Cola

Bottling Co. v. Vann, 220 Ga. App. 479, 480 (1996). Defendant may be served through its

STATE COURT OF
DEKALB COUNTY, GA.
5/19/2021 1:33 PM
E-FILED
BY: Monica Gay

EXHIBIT A

registered agent, THE CORPORATION COMPANY (FL); at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794, Forsyth County.

## II.   **STATEMENT OF FACTS COMMON TO ALL COUNTS**

3.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 2 above, as if fully set forth herein, and states as follows:

4.

At all times relevant to this Complaint, Defendant operated a retail store at 1871 Chamblee Tucker Rd, Atlanta, Georgia 30341 (hereinafter Defendant's "Store").

5.

On or about January 19, 2019, Plaintiff entered Defendant's Store.

6.

Plaintiff entered Defendant's Store as a lawful invitee for the purpose of being a customer of the store.

7.

While near the exit of Defendant's Store, Plaintiff was accosted by a security guard (hereinafter Defendant's "Employee").

8.

Plaintiff, while moving, was then tackled or otherwise harmed by the Employee, causing serious injury.

9.

As a direct and proximate result of Defendant WALMART's intentional and negligent actions, Plaintiff suffered bodily injuries, necessitating medical treatment and causing other damages.

### III.   PREMISES LIABILITY

10.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 9 above, as if fully set forth herein, and states as follows:

11.

At the time of the events described herein, Plaintiff was on Defendant's property expressly for business purposes. Therefore, Plaintiff occupied the status of an invitee, and thus, Defendant owed her a duty of ordinary care in keeping the premises and approaches safe. O.C.G.A. § 51-3-1.

12.

In the alternative, as a visitor to a resident of Defendant's store, Plaintiff occupied the status of licensee upon entering said premises, and thus, Defendant owed her a duty to protect Plaintiff from willful or wanton injury. O.C.G.A. § 51-3-2.

13.

As a known visitor in an area where Defendant knew or should have known people would be present, Defendant's duty to protect Plaintiff from willful or wanton injury included a duty to exercise ordinary care and diligence.

14.

Defendant's Employee created a dangerous and hazardous condition of which Defendant, by and through their employees, had actual or constructive knowledge, and which could not have become known to Plaintiff in the exercise of reasonable care and diligence on her part.

15.

Defendant was otherwise negligent.

16.

The sole and proximate cause of the accident was Defendant's negligence, unmixed with any negligence on the part of Plaintiff.

17.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious physical pain, mental anguish, and serious bodily injuries; and will continue to experience serious physical pain and suffering and mental anguish in the future.

## IV.   NEGLIGENT HIRING AND NEGLIGENT RETENTION

18.

Plaintiffs re-allege the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein, and state as follows:

19.

Defendant is liable to Plaintiff for negligently hiring and retaining the Employee.

20.

Plaintiffs assert a claim for negligent hiring and negligent retention against the employer of the tortfeasor. The employer breached its duty of care by hiring and retaining the Employee because the Employee was not "accustomed to act with due care." Employer has a duty not to hire or retain an employee, if the employer "knew or should have known" that the employee "posed a risk of harm to others where it is reasonably foreseeable from the employee's [tendencies] or propensities that the employee could cause the type of harm that was sustained by the [victim]."

21.

Given the Employee's dangerous propensities, Plaintiff's injuries should have been foreseen as the natural and probable consequence of the employer's hiring and retaining of the Employee.

## V.    RESPONDEAT SUPERIOR NEGLIGENCE PER SE

22.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein, and states as follows:

23.

Defendant and Employee has a principal-agent relationship. However, Defendant failed to take appropriate action to remedy or reduce the danger to their invitees, specifically to Plaintiff, and allowed the dangerous and hazardous environment on the premises by employing Employee.

24.

Defendants are liable for torts committed while Employee was in their command "or in prosecution and within scope" of their business.

25.

Defendant is liable for the intentional torts committed by the personnel of an independent security agency, as the security agency was hired by the property owners to protect their premises.

26.

Defendants knew of, or with the exercise of due care for the safety of their invitees, should have known of, the dangerous and hazardous conditions on the premises caused by employing a security guard with a propensity towards violence and other criminal acts.

27.

Defendant was and is *negligent per se*.

28.

Defendant had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees, agents, and/or background check.

29.

Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of potential criminal acts by their employees or agents by their failure to perform criminal background checks, failing to meet the heightened standard of care in employing security for their premises.

30.

Defendant negligently failed to provide adequate security protection, security personnel, or security presence on the premises.

31.

As a direct and proximate result of Defendant's negligence in creating and maintaining the dangerous and hazardous condition existing on the premises through their employment of Employee, Plaintiff sustained severe injuries.

32.

Defendants are liable for Employee's assault against Plaintiff. O.C.G.A. § 16-5-20 provides that "(a) person commits the offense of simple assault when he or she either:

(1) [a]ttempts to commit a violent injury to the person of another; or

(2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."

O.C.G.A. § 51-1-14 states that any "illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."

33.

Employee's act of chasing and attempting to tackle or other otherwise harming Plaintiff, especially while Plaintiff was in motion, put Plaintiff in reasonable apprehension of receiving a violent injury prior to being injured.

34.

Employee is liable for causing Plaintiff the apprehension of the possibility of being violently injured and Defendant may be held vicariously liable through *respondeat superior*.

35.

Employee committed battery against Plaintiff for which a claim for civil battery may be brought, in Georgia, under either O.C.G.A. § 51-1-13 or § 51-1-14.

36.

Employee unlawfully touched Plaintiff when she was tackled or otherwise harmed, causing her severe physical injury.

37.

Defendant is liable for Employee's aggravated battery against Plaintiff under a theory of *negligence per se*. O.C.G.A. § 16-5-24 provides that "[a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another... by seriously disfiguring [a victim's] body..."

38.

Defendant is liable to Plaintiff for battery and aggravated battery.

39.

Defendant is liable for Employee's intentional infliction of emotional distress (IIED) upon Plaintiff.

40.

Employee's conduct was intentional and reckless.

41.

Employee's extreme and outrageous action of chasing Plaintiff and tackling or otherwise harming her caused severe emotional distress toward Plaintiff.

## VI.   **DAMAGES**

42.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 41 above, as if fully set forth herein, and states as follows:

43.

As a direct and proximate result of the intentional actions as well as the negligence of Defendant, Plaintiff sustained serious injuries.

44.

In addition, Plaintiff has endured physical, mental, and emotional distress, which is likely to continue into the future.

45.

Plaintiff further shows that she has been required to receive medical treatment as a result of the injuries sustained in the incident and may be required to receive further medical treatment in the future. Plaintiff shows that she has incurred the medical expenses, including but not limited to the following, as a result of said incident:

1. AMR EMS .......................................................................$2,108.50

2. Emory North Decatur........................................................$2,588.47

3. Emory Emergency Physicians ...........................................$2,368.00

4. Radiology Associates of Dekalb PC .......................................$31.00

5. Grady Health System ......................................................$66,767.41

6. Grady Memorial Hospital .................................................$8,956.00

Plaintiff is entitled to recover from Defendant damages for past and future medical expenses, the exact amount to be proven at trial.

46.

Plaintiff shows that she is entitled to recover money damages from Defendant as a result of the injuries and pain and suffering caused by the intentional actions and negligence of Defendant, as set forth herein. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence and intentional acts.

47.

As a direct and proximate result of the intentional actions and well as the negligence of Defendant, Plaintiff sustained serious injuries, incurred past and future medical expenses, past and future travel expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future lost wages, reduced earning capacity, and permanent impairment. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence and intentional acts.

48.

Plaintiff is also entitled to recover other necessary expenses against Defendant resulting from the intentional actions and negligence of Defendant.

49.

The proximate cause of the accident were the intentional and negligent actions by the Defendant, unmixed with any negligence on the part of Plaintiff.

## VII.   PUNIVIVE DAMAGES

50.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein, and states as follows:

51.

Defendant acted with that willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of a conscious indifference to the consequences of their conduct. Accordingly, Plaintiffs are entitled to recover punitive damages from each of the Defendant, in accordance with the enlightened conscience of an impartial jury.

## VIII.   ATTORNEY'S FEES UNDER O.C.G.A. § 9-15-14

52.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 51 above, as if fully set forth herein, and states as follows:

53.

Defendant have been, *inter alia*, stubbornly litigious, acted in bad faith, and have put Plaintiff to unnecessary trouble and expense.

54.

Plaintiff is entitled to recover from Defendant expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 9-15-14, in an amount to be proven at trial.

## TRIAL BY JURY

55.

Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and Defendant be served as provided by law;

(b) That Plaintiff have judgment against Defendant, in an amount to be determined by the enlightened conscience of a jury at trial that will adequately compensate Plaintiff for her past and future pain and suffering, past and future emotional distress and mental anguish, and past and future loss of enjoyment of life;

(c) That Plaintiff have judgment against Defendant in an amount to be determined by the enlightened conscience of a jury at trial for past, present, and future medical expenses and for the impairment of Plaintiff's body;

(d) That Plaintiff have judgment against Defendant, in an amount to be determined by the enlightened conscience of a jury at trial, for past and future lost wages, and reduced earning capacity;

(e) That Plaintiff be awarded reasonable attorney's fees; and

(f) That Plaintiff have such other and further relief as this Court deems just, equitable, and proper.

*[Signature on Following Page]*

Respectfully submitted, this _____19th_____ day of May, 2021.

W. CALVIN SMITH, II, P.C.

*Gary Casper*

Gary R. Casper
Georgia Bar No. 638797
W. Calvin Smith II
Georgia Bar No. 664431
*Attorneys for Plaintiff*

W. Calvin Smith, II, P.C.
3560 Lenox Rd. NE, Suite 3020
Atlanta, Georgia 30326
(404) 842-0999
gcasper@calvinsmithlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
5/19/2021 1:33 PM
E-FILED
BY: Monica Gay